## Central Bank of Pittsburgh, Plff. in Err., *v.* C. R. Earley.

One E purchased and took a deed of a tract of land in his own name, but on behalf of himself and two others, B and H, each being entitled to a one-third interest. E executed a purchase-money mortgage on the land, and thereafter paid off one third of the mortgage debt with his own money, and received from the mortgagee a release of an undivided one third of the land. Thereafter the mortgagee sued out a scire facias on the mortgage, for the balance of the mortgage debt unpaid, expressly excepting the undivided one third of the land which had been released to E; and having obtained judgment, the undivided two thirds were sold under levari facias. The purchaser at such sale subsequently received from B and H deeds of the interests remaining in them. *Held,* that the release to E operated as a release of his individual one-third interest in the mortgaged land, and not as a release of one third of each of the interests of the three tenants in common of the mortgaged land; that such interest was not affected by the sale under levari facias, but that such sale deprived B and H of their entire interests in the land, the remaining undivided two thirds; that consequently their subsequent deeds in fact conveyed no tangible interest; and that the purchaser under the levari facias acquired only a two-thirds interest in the land, leaving E the owner of the other one third.

(Argued April 30, 1888.    Decided May 25, 1888.)

July Term, 1887, No. 127, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.    Er-

NOTE.—Partition proceedings were instituted in this case, and the judgment of the lower court affirmed.    113 Pa. 477, 6 Atl. 236.    A reargument was granted, and the judgment reversed.    115 Pa. 359, 10 Atl. 33.    The appeal above reported arises from the second trial had.

ror to the Common Pleas of Elk County to review a judgment in favor of the plaintiff in an action of partition, September Term, 1884, No. 75. Affirmed.

In August, 1873, C. R. Earley purchased, on behalf of himself, W. B. Brickell, P. Y. Hite, and J. D. Baldwin, a tract of land in Elk county, for $100,000, of which sum $25,000 was paid in cash and the balance, $75,000, secured by bond and mortgage. The deed was made out to Earley, who subsequently conveyed an undivided one fourth to each, Brickell, Hite, and Baldwin. Baldwin's interest was subsequently purchased by Earley, Brickell, and Hite, so that they three were tenants in common of the land, each having an undivided one-third interest therein.

Thereafter Earley paid one third of the amount secured by the mortgage on the whole tract, and received from the mortgagee a release of the undivided one third of the lands mentioned in the mortgage, from the lien of the mortgage. This release was recorded in December, 1874.

In 1880, the mortgagee sued out a writ of scire facias in the United States circuit court for the western district of Pennsylvania, for the balance due on the mortgage, against Earley as defendant, with notice to Brickell and Hite and others as terretenants. The præcipe for the writ of scire facias was as follows:

"Issue a writ of scire facias sur mortgage executed by C. R. Earley, a citizen of the commonwealth of Pennsylvania, to George C. Lord, a citizen of the commonwealth of Massachusetts, dated August 15, 1873, and recorded in the recorder's office, in the county of Elk, in the commonwealth of Pennsylvania, in Mortgage Book 'B,' pages 408 *et seq.,* of which the following is a true copy, to wit (copy of mortgage). Excepting and reserving therefrom, the undivided one third of said mortgaged premises released from the lien of said mortgage, by the said George C. Lord, by writing, dated August 25, 1874, and recorded in recorder's office, of the county of Elk, Pennsylvania, in Mortgage Book 'B,' pages 544 *et seq.*"

The writ issued on this præcipe contained the same exception. A final judgment was obtained on the scire facias, in 1882.

In 1884, Earley commenced the present action of partition against Brickell and Hite, to recover in severalty one third of the land in question.

In 1885, the United States marshal sold the undivided two thirds of the mortgaged land, by virtue of a writ of levari facias issued upon the judgment in scire facias, and such two thirds were, at that sale, bought by and deeded to the Central Bank of Pittsburgh.   Brickell and Hite then quitclaimed to the bank the interest remaining in them, stated as two ninths.   The bank thereupon was admitted as a defendant in the partition suit and pleaded *non tenent insimul.*

The bank claimed that by the mortgage sale it acquired a two-thirds interest in all the land, irrespective of the interests of the former owners; that the release by the mortgagee to Earley, the mortgagor, of an undivided one third, operated to release, not Earley's individual interest, but one third of the whole, and operated equally on the interest of all the owners, and that consequently after the marshal's sale of two thirds, one third of one third, or one ninth, remained in each of the three owners, Earley, Brickell, and Hite; and that two ninths were acquired by the bank by its conveyances from Brickell and Hite, so that it was the owner of two thirds and two ninths, or eight ninths of the whole tract, and Earley was the owner of the remaining one ninth only.

Earley, on the other hand, claimed that the mortgagee's release applied wholly to his, Earley's, one third of the land; that consequently his one third was exempted from the marshal's sale on levari facias, and that it still belonged to him, unaffected by the transfers to the bank; and that the bank was entitled to the remaining two thirds only.

This case was first tried in January, 1886, and resulted in a verdict for Earley, the plaintiff, by the direction of the court, for one third of the land, as claimed by him.   The bank took the case to the supreme court, by writ of error, where the judgment was affirmed, in an opinion delivered October 4, 1886, reported in 113 Pa. 477, 6 Atl. 236.   Subsequently, on rehearing, the supreme court altered its decision and reversed the judgment and ordered a new trial, on the ground that the verdict having been taken subject to the opinion of the court on a question of law reserved, it was error to enter judgment on the verdict before such question of law had been adjudicated.   The opinion on rehearing was delivered February 21, 1887, and is reported in 115 Pa. 359, 10 Atl. 33.

A new trial was accordingly had, before MAYER, P. J., and a

jury. After the evidence was closed, the court directed a verdict for the plaintiff for the undivided one third of the land—stating that the facts did not appear to be in dispute, and that the only question involved was one of law.

Judgment having been entered on the verdict, the defendant bank took this writ.

The assignments in error specified, in effect, the action of the court in deciding adversely to it upon its claims as to the effect of the release to Earley, and the conveyances to it, as above stated.

*Geo. A. Rathbun, Lazear & Orr,* and *J. McF. Carpenter* for plaintiff in error.

*Jno. G. Hall* and *C. H. M'Cauley* for defendant in error.

PER CURIAM:

The Central Bank, by the sale under the levari facias on the Lord mortgage, was vested with the interests of Brickell and Hite in the premises in suit, but did not by that sale acquire Earley's interest, for that was expressly excepted by the plaintiff's copy of his claim filed. It was so excepted because Earley had previously paid off one third of the mortgage debt, and had taken a release. It is, therefore, perfectly obvious that the sale by Brickell and Hite of the two ninths of what was Earley's property conveyed no tangible interest therein to the bank.

Judgment affirmed.