OWEN GAFFNEY *vs.* THE J. O. INMAN MANUFACTURING COMPANY.

In an action by an operative against his employer for an injury sustained through the latter's negligence in knowingly permitting the use of a defective picker, it appeared from the plaintiff's testimony at the trial that he put his hand into the picker while it was in operation, although he might have stopped it and although he was aware of the danger to which he exposed himself, for the purpose of taking out wool which, owing to the defect, had dropped down under the machine, in consequence of which his finger was caught by the teeth of the feed roll and crushed. The court directed the jury to return a verdict for the defendant.

*Held,* that the plaintiff took a risk which no person of ordinary prudence would have taken, and, hence, as matter of law, was guilty of contributory negligence, and that the direction to the jury to return a verdict for the defendant was proper.

PLAINTIFF'S petition for a new trial.

Trespass on the case brought by an employee of the defendant corporation, which was engaged in the manufacture of woolens, to recover damages for an injury occasioned by the defendant's negligence in knowingly permitting the use of a picker in its business while the same was out of order and in an unsafe condition, in consequence of which the plaintiff's finger was caught by the teeth of the feed roll of the picker and crushed.

*January 26, 1895.* PER CURIAM. The plaintiff's own testimony shows that he was aware of the danger in putting his hand into the picker while it was in operation of having his hand caught by the teeth of the feed roll by reason of the defective condition of the curved iron shell, the office of which was to prevent the wool as it passed from the apron to the feed roll from dropping down under the machine, and to

hold the wool close enough to the feed roll to bring it into contact with the teeth of the roll; that notwithstanding his knowledge of the danger, the plaintiff put his hand into the picker while it was running to take out the wool which had dropped down and lodged on the frame of the machine in consequence of the defective condition of the shell, instead of first stopping the picker, as for aught that appears he might have done, the result being that his finger was caught by the teeth of the feed roll and crushed between them and the frame of the machine. These being the facts, we are of the opinion that the court properly held as a matter of law that the plaintiff was guilty of contributory negligence and directed the jury to return a verdict for the defendant. No person of ordinary prudence would have taken the chance of injury in such circumstances by attempting to remove the wool while the machine was in motion when he could have done so safely by stopping it. The case is within the class of cases mentioned in *Clarke* v. *R. I. Electric Lighting Co.*, 16 R. I. 463, 465, which constitutes an exception to the general rule that the question of contributory negligence is for the jury.

Plaintiff's petition for a new trial denied and dismissed. The Common Pleas Division is directed to enter judgment on the verdict.

*George A. Littlefield,* for plaintiff.
*William G. Roelker,* for defendant.