No. 7777 **7777**

Mr. & Mrs. Ernest Ruffo Əvs— H. G. Marcotte.

------------

Court of Appeal— Parish of Orleans.

----..--------

---------

By Dinkelspiel— J.

*St. Paul J. dissents, and files written reasons.*

The plaintiffs in this case were the purchasers of a piece of property formerly belonging to Mrs. George H. Dougall. These then lessors rented to defendant the premises No. 1828 Fern Street for a period of one year commencing on the 1st of July, 1918, and ending on the 30th of June, 1919. Among other clauses in the lease, there is to be found this clause: "It is understood and agreed that failure of lessee to notify lessor or his agents in writing within thirty days of expiration of this lease shall be construed as a renewal of same, under such terms and conditions as is now enjoyed." This lease was duly recorded and transferred to plaintiffs in this suit in due course.

It transpires from reading the testimony and the various letters between counsel in this case that shortly after the expiration of the lease in question the plaintiff and defendant met on the streets in this City and defendant offered his check in payment of the rent due for the following month, $25.00. When the offer of the check was made, plaintiff produced an ordinary receipt which defendant refused to accept, but tendered a receipt including the terms of the renewal of the lease heretofore quoted. The plaintiff said that he must see his lawyer about this and asked that the parties meet the following day so that matters could be adjusted and payment made. Defendant did not appear the following day, but a notification or letter was written by his attorney stating his willingness to pay the rent for that month upon a receipt to be signed as dictated in accordance with the renewal obligation of the lease.

Several letters of the same character passed between the attorneys of the parties without coming to any definite conclusion, and eventually a peremptory notice was sent by plaintiff's attorney that if within twenty-four hours after the receipt of the letter fixing the time for payment was not

417

made, an ejectment proceeding or suit for possession would be brought, and no payment having been made on other letters of the same character intervening but without producing money results, the money being in the hands of the attorney of defendant ready and willing to pay as frequently asserted, which offers were declined, and this suit instituted.

There is little or no dispute about the facts as thus stated, and the only question is, can defendant avail himself of the obligation that the lease devolves upon him by placing the money, as he said he did, and as the attorney states in the hands of his counsel? We think not. We think the law is absolutely the other way, and in order to avail himself of the obligation and the enjoyment of the lease, it was compulsory for him to make payment in money and nothing else would answer. In this connection, we refer to the case of Mudd vs. Skille's Heirs, 6 La. p. 19. "A real tender can not be made so as to stop interest, unless the legal formalities are pursued, thus, a tender to the plaintiff's attorney at law is insufficient."

In the 2nd Annual, Bacon, et als vs. Smith, et als, p. 441, the syllabus reads: "The mere announcement by the maker of a note of his readiness to pay, made to the holder, and the refusal of the latter to receive the amount on the ground that it had been attached at the suit of a third person, is not a legal tender and cannot stop interest." Quoting Code of Practice, 407-415. But see May 23

Garland's Revised Code of Practice of Louisiana, Sec. 1, Art. 404. "Real Tender." "When a defendant confesses that he owns the whole or a part either of the debt or of the property demanded of him, and the plaintiff refuses to receive what such defendant acknowledges that he owes him, such defendant may make a real tender of same to such plaintiff either after the issue has been joined or even previous to any judicial proceedings having been instituted against him."

418

C. P. 417. C.C. 3167.

C. C. 3168, Requisites to Valid Tender, sub-section 6. "That the tender be made in the place agreed upon for the payment, or that, if there be no special agreement as to the place of payment, it be made either to the creditor himself or at his dwelling, or at the house chosen for the execution of the agreement."

Art. 407 of the Code of Practice reads: "Tender of Money." "When the tender is for money due, it must be made to the creditor himself or at his actual or chosen domicile, by the debtor or his agent, in the presence of two witnesses, residing in the place, by tendering to such creditor the sum which is due to him, with interest and such costs as he may have incurred, and exhibiting such sum to him in the presence of such witnesses in current money of the United States." Also see Arts. 409 and 411, C. P., also see 46 Ann. Simonds vs. Sheriff, et als, p. 472-473, and under the head of "Tender" Cyc, Vol. 38, p. 143, Sec. 3. "When making a tender there must be an actual offer by the tenderer to pay. An announcement without more of an intention of making a payment is not sufficient, nor is an assertion of readiness or willingness to pay sufficient."

We have thus gone into the facts and the law of this case and have come to the decided opinion that the plaintiff has fully made out his case and the defendant has failed under the law to give the satisfaction that the law requires in similar cases. There could be no other payment and no other tender except such as the law provides for; that the mere fact that from month to month defendant has handed his attorneys the amount of rent due to plaintiff is not a legal tender and cannot so be construed under any circumstances.

For the reasons assigned in this opinion, the judgment of the court a quo is affirmed.

Judgment affirmed.

## DISSENTING OPINION.

St. Paul, J.

I am unable to agree with my Colleagues and with the District Judge.

They may be right; but I think that defendant was led by counsel's letter of August lst (not intentionally, of course, but none the less evidently) into the belief that a new lease would be signed at the same time that he paid the rent, that is, within the 24 hours. And however may have been the technical merits of defendant's original position, it was at least not an unreasonable one. Indeed, what appeared to have been conceded, was even more than he had asked; so that to him the controversy seemed closed.

### II.

Again, I think that no tender by defendant was required. A tender is necessary and useful only to stop interest and costs, or to anticipate and prevent a subsequent putting in default at some inconvenient time. But in order to dissolve a lease or other contract for a passive breach thereof, there must be an actual putting in deafult, not a mere want of tender or even a long continued and deliberate failure of performance: unless a putting in default has been waived, or would be useless owing to a peremptory refusal, or manifest inability to perform.

The only putting in default in this case (since there was no peremptory refusal to pay, or refusal at all after the letter of August lst) could and should have been a demand made at the domicile of the defendant (the debtor) by a person then and there ready to receive the payment. A demand by post was no demand at all. Lafayette Realty Co Vs Puglia, 10 Orleans App. Rep. 105; Bennabal vs Metairie Cypress Co, 129 La. 928.

Brieda vs Babst, 131 La 159, has no application here. There the plaintiff not only alleged amicable demand without avail, but proved repeated and pressing personal demands, viz, "constant dunning," without results. And, as aforesaid, no tender of any kind was required of the defendant in this case; so that when or where or how the money for the rent was "consigned" is of no consequence whatever.

### III.

Moreover I am by no means sure that defendant's original position was only not unreasonable; it may even have been strictly correct in law.

For besides the provisions of the old lease for a tacit renewal, that contract gave defendant an express "right to renew;" by which, of course, the parties contemplated either the making of a new written lease, or at least a written extension of the old one.

Now it may be true that defendant did not need any formal instrument, or written instrument at all, in order to retain possession of the premises; since the law (sometimes) considers that done which should have been done. Yet, none the less, defendant was entitled to just such an instrument, since the old lease gave him a legal right to it; for a contract to execute a contract; the terms of which are fixed, is a valid and binding agreement in this state, as elswhere. Kaplan vs Whitworth, 116 La 337.

And therefore when plaintiffs "failed, refused or neglected" to execute a written renewal of the lease (which in the very nature of things should have preceded the time fixed for payment of the rent thereunder) they were themselves in no position, without a change of mind on their part, to demand ############################### ########## performance on the part of defendant, i. e. to demand payment of the rent under that lease.

For a party to a contract who fails to perform (and is not ready or even willing to perform) his #### share of the agreement, is as yet in no position to demend perfromance by the other party.

This is the general law; in this State it is even statutory. 9 Cyc 721 Verbo; Contracts, viz, "When first act is to be done by plaintiff," Notes 51 to 55; Golding vs Petit, 20 An 505; Brown vs Stubbs, 47 An 1480; C. C. 1913, 1914.

### IV.

For my part I have not the shadow of a doubt that plaintiffs would have received their rent promptly and fully, had they but shown the least inclination to do that which reason and equity (to say nothing of strict law) pointed out to them as the one proper thing to do; and the same letter of August 1st shows, to my mind, that they had been very plainly told to do.

I therefore respectfully dissent.

New Orleans December 9th, 1919.

January 12th, 1920.

Since the filing of the transcript of appeal in this case, the plaintiff has instituted an action in the District Court against the defendant in which he claims judgment for One Hundred Dollars for rent for the months of August, September, October and November last and for all such additional rents as may fall due from month to month pending they/ proceedings and that the lease for the remainder of the term be cancelled and annulled and that he be put in possession of the leased premises.

The defendant and appellant thereupon brought this *above* petition to the attention of this court, and, construing said petition as an abandonment of the original suit for possession and incompatible therewith, moved this court to remand this case to the District Court for the purpose of inquiring into the effect of that suit for rent upon this suit for possession.

We think it unnecessary to take such action, as the Supreme Court has already settled the question. In the cases of Dubois vs. Xiques 14 A. 427, Fox vs. Mc Kee 31 A. 67 and Doullut vs. Rush 142 La. 443 (451) the Supreme Court said that there was no inconsistency in the demand for the dissolution of a lease and for rent during the occupancy of the lessee up to the time he surrenders possession of the leased premises. In the case of Delmar vs. Alberstadt 10 Ct. App. 148 this court decided that a notice to vacate and a suit for possession are not waived by receipt, during the pendency of the suit, of rent past due.

The case of Deslonde vs. O'Hern 39 A. 14 relied upon by appellant is not in conflict with these opinions. In that case the Court maintained an injunction against the execution of a writ of eviction for the reason that, after the judgment of eviction, the lessor as a compromise, had "agreed not to execute this judgment and to permit the lessee to remain on the premises if he (the lessee) would pay costs and the entire rent". The facts in this case are different. The lessor has

424

has only sued for the rent accrued and to accrue during the actual occupancy of the premises by the lessee. Surely the lessee cannot occupy the premises free of rent, nor does the law make the lessor forfeit his right to the rent as a penalty for suing for eviction for non-payment of rent, nor lose his right under a suit for eviction as a penalty for suing for rent due for occupancy.

The motion to remand is therefore denied, and as the petition for a rehearing has not convinced us of an error in our original opinion, the rehearing also is denied.

January 12th. 1920.

St. Paul, J. Concurs in the refusal to remand, but dissents as to the refusal to grant a rehearing)